# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO

In Re:　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)　　**JUDGE RICHARD L. SPEER**
Jackie Amstutz　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)　　Case No. 09-36068
　　　　Debtor(s)　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)

## DECISION AND ORDER

This cause comes before the Court after a Hearing on the Motion of the United States Trustee to Review Fees, to Impose Fines and to Assess Damages against Bankruptcy Petition Preparer, Charles Proby. At the conclusion of the Hearing, the Court took the matter under advisement so as to afford time to thoroughly consider the matter. The Court has now had this opportunity, and for the reasons now explained, finds that the Motion of the United States Trustee should be Granted as provided herein.

## FACTS

In accordance with Bankruptcy Rules 7052 and 9014, the following constitutes this Court's findings of fact and conclusions of law.

On September 2, 2009, the Debtor, Jackie Amstutz, filed in this Court a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. In order to facilitate the filing of his bankruptcy case, the Debtor retained the services of Charles Proby. Mr. Proby is not a licensed attorney, but received training as a paralegal.

For the Debtor's bankruptcy filing, Mr. Proby was identified as the preparer of the petition, schedules and the statement of financial affairs. Another party purportedly prepared for the Debtor

In re: Jackie Amstutz
Case No. 09-36068

Form B22A, designated "Statement of Current Monthly Income and Means Test Calculation." In the statement of financial affairs, as well as in the form entitled "Disclosure of Compensation of Bankruptcy Petitioner Preparer," it was disclosed that the Debtor paid to Mr. Proby the sum of $125.00 for his services. This is consistent with General Order 05-3,[1] as entered for the bankruptcy courts in the Northern District of Ohio.

In General Order 05-3, a presumptive cap of $125.00 is set for fees paid to a bankruptcy petition preparer, with this Order stating:

> The presumptive maximum allowable fee chargeable by a bankruptcy petition preparer in any case is $125.
>
> Should a bankruptcy petition preparer in any individual case seek a determination that the value of services rendered exceeds $125, the bankruptcy petition preparer shall file a motion with the Court requesting a hearing. The motion shall be filed within 10 days after the date of the filing of a petition.

However, according to receipts submitted into evidence, the Debtor paid to Mr. Proby the sum of $225.00 on August 14, 2009. (Doc. No. 44, Ex. 6). Thereafter, on August 25, 2009, the Debtor paid to Mr. Proby the additional sum of $230.00. The receipt evidencing this latter transaction contained the notation, "Legal Documents." *Id.* No amendment or supplemental disclosure was ever made by Mr. Proby concerning his compensation.

In preparing the Debtor's bankruptcy petition, Mr. Proby made determinations concerning the Debtor's exemptions and secured debt, with the Debtor testifying that he did not fully understand the import of these legal matters. For example, in the Debtor's bankruptcy schedules, Mr. Proby

---

[1] http://www.ohnb.uscourts.gov/judges/GeneralOrders/GO_05-3_MAXIMUM%20ALLOWABLE%20FEE.pdf.

In re: Jackie Amstutz
Case No. 09-36068

independently set forth the statutory authority upon which the Debtor claimed a right to exempt his interest in certain property. Mr. Proby also advised the Debtor that filing for bankruptcy relief under Chapter 7 of the Code, as opposed to Chapter 13, would best serve his needs.

During the administration of this case, a Motion for Relief From Stay and Abandonment was filed against the Debtor's residence. (Doc. No. 11). No objection to this Motion was filed, and an order was subsequently entered, granting the movant relief from stay and abandonment. (Doc. No. 18). A short time later, the Debtor filed a document with the Court seeking to set aside this order. (Doc. No. 20). This document, filed with the Court on October 13, 2009, and entitled "Motion to Set Aside Judgment," was drafted and prepared by Mr. Proby.

On October 27, 2009, the Debtor retained the services of a licensed attorney to represent him in all further matters related to his bankruptcy case. (Doc. No. 30).

## DISCUSSION

Before this Court is the Motion of the United States Trustee ("UST") to Review Fees, to Impose Fines and to Assess Damages against Bankruptcy Petition Preparer, Charles Proby. The adjudication of this Motion, concerning the conduct of a bankruptcy petition preparer, directly impacts the administration of this bankruptcy case. *Gould v. Clippard*, 340 B.R. 861, 881 (M.D.Tenn. 2006); *In re Barcelo*, 313 B.R. 135, 151-52 (Bankr. E.D.N.Y. 2004). As such, this is a core proceeding over which this Court has jurisdiction to enter final orders and judgments. 28 U.S.C. § 157(b).

Section 110 of the Bankruptcy Code regulates the conduct of bankruptcy petition preparers. This provision was initially enacted as part of the Bankruptcy Reform Act of 1994 and was expanded upon by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. The intended

Page 3

In re: Jackie Amstutz
Case No. 09-36068

purpose of § 110 is to prevent abuses by specifying the scope of services which nonattorneys may perform for debtors. *In re Adams*, 214 B.R. 212, 218 (9th Cir. B.A.P. 1997).

Under the Bankruptcy Code, Charles Proby qualifies as a "bankruptcy petition preparer." Section 110(a) defines a 'bankruptcy petition preparer' as a "person, other than an attorney for the debtor or an employee of such attorney under the direct supervision of such attorney, who prepares for compensation a document for filing" in either "a United States bankruptcy court or a United States district court in connection with a [bankruptcy] case . . . ." Persons who qualify as a 'bankruptcy petition preparer' subject themselves to the jurisdiction of the Court, and must comply with the mandates of Bankruptcy Code § 110. *McDow v. We the People Forms & Serv. Ctrs., Inc. (In re Douglas)*, 304 B.R. 223, 237-38 (Bankr. D.Md.2003).

For his Motion, the UST alleged that Mr. Proby's engaged in the following acts proscribed by § 110: (1) he did not properly disclose his fees for preparing the Debtor's bankruptcy petition; (2) he charged a fee in excess of that allowed pursuant to General Order 05-3; and (3) Mr. Proby engaged in the unauthorized practice of law.

Under § 110, a bankruptcy petition preparer is required to disclose any fee received and charged to the debtor. 11 U.S.C. § 110(h)(2); FED.R.BANKR.P. 2016(c). For such fees, bankruptcy law proscribes the petition preparer from charging an excessive fee or a fee above that established by the court. 11 U.S.C. § 110(h); *see also* 11 U.S.C. § 105(a). Both state law and bankruptcy law also proscribe a person not licensed as an attorney from practicing law. 11 U.S.C. § 110(e)(2)/(f)/(k); *Ohio State Bar Assn. v. Heath*, 123 Ohio St.3d 483, 918 N.E.2d 145 (2009), *citing* § 2(B)(1)(g), Article IV of the Ohio Constitution.

The allegations made by the UST, that Mr. Proby did not comply with these fundamental requirements, is abundantly support by the evidence presented in this case. This evidence starts with

Page 4

In re: Jackie Amstutz
Case No. 09-36068

the two receipts executed by Mr. Proby. Together, these receipts show that Mr. Proby accepted from the Debtor at least $455.00 for his services, thereby contradicting the two statements he filed with the Court which represented that he charged only $125.00 for his services. These receipts also fly in the face of the judicial limitation imposed by General Order 05-3 which sets $125.00 as the presumptive cap on a petition preparer's fees. It may be presumed in this regard that Mr. Proby was aware of this General Order considering that the amount of the cap set forth in the Order exactly corresponds with Mr. Proby's representation to the Court that he charged only $125.00 for his services.

In response, Mr. Proby did not contest the legitimacy of the two receipts, but instead offered a number of justifications for the discrepancy between the receipts and his written representations filed with the Court. Prominently, Mr. Proby explained that, (1) $100.00 of the $455.00 was allocated to pay for the production of 100 copies, and (2) that a portion of the $455.00 was used to pay for the services of the third party who completed the means test calculation as set forth on Form B22A. Mr. Proby also testified that he intended to provide the Debtor with a refund of any overpayment in fees.

The justifications put forth by Mr. Proby, whatever their truth, are unavailing. Charging the Debtor $1.00 per copy is facially excessive. *See, e.g., In re Fleming Companies, Inc.*, 304 B.R. 85, 99 (Bankr. D. Del. 2003) (for professional expenses, 15¢ per copy is presumptively reasonable). Likewise, Mr. Proby's position, that fees ultimately transferred to third parties do not need to be disclosed, does not pass muster. The Bankruptcy Code and Rules are clear: a bankruptcy petition preparer must disclose "any fee received." 11 U.S.C. § 110(h)(2); FED.R.BANKR.P. 2016(c). The Court is also skeptical that Mr. Proby originally intended to return the overpayment made by the Debtor, with there being no indication that Mr. Proby made such an overture until after the UST brought its Motion against him.

Page 5

In re: Jackie Amstutz
Case No. 09-36068

The record in this case is also devoid of any basis which would warrant an award of fees in excess of $125.00. In this regard, bankruptcy petition preparers are fundamentally just typists. *In re Doser*, 412 F.3d 1056, 1062-63 (9th Cir. 2005). Thus, only extraordinary circumstances would warrant a deviation from the $125.00 presumptive cap on a bankruptcy petition preparer's fees established by General Order 05-3. Accordingly, of the $455.00 Mr. Proby received as fees for his services, all but $125.00 of his fees are excessive.

The excessiveness of Mr. Proby's fees must also be considered within the context that some of those services he provided to the Debtor clearly entailed the unauthorized practice of law. Section 110(e)(2) proscribes a bankruptcy petition preparer from rendering services which constitute the practice of law, providing, in pertinent part:

> (2)(A) A bankruptcy petition preparer may not offer a potential bankruptcy debtor any legal advice, including any legal advice described in subparagraph (B).
>
> (B) The legal advice referred to in subparagraph (A) includes advising the debtor–
>
> > (i) whether–
> >
> > > (II) commencing a case under chapter 7, 11, 12, or 13 is appropriate;
> >
> > (vi) concerning how to characterize the nature of the debtor's interests in property or the debtor's debts; or
> >
> > (vii) concerning bankruptcy procedures and rights.

In rendering services for the Debtor, Mr. Proby acted in violation of each of the proscribed activities.

First, as it concerns § 110(e)(2)(B)(i)(II), the Debtor testified that he did not know which Chapter of the Code would best suit his needs, with Mr. Proby taking it upon himself to counsel the

Page 6

In re: Jackie Amstutz
Case No. 09-36068

Debtor that a Chapter 7 bankruptcy would be best. Concerning the next two provisions, § 110(e)(2)(B)(vi)/(vii), Mr. Proby acknowledged that he used his personal knowledge to assess the Debtor's entitlement to claim property as exempt; similarly, since the Debtor was unable to provide any direction, Mr. Proby acknowledged that he took it upon himself to categorize the Debtor's secured and unsecured obligations.

In addition, concerning the unauthorized practice of law, Mr. Proby admitted that he drafted and prepared the document filed with the Court entitled "Motion to Set Aside Judgment." Mr. Proby, however, not being a licensed attorney, is not authorized to provide such a service. Under state law, which is traditionally used for guidance on this matter,[2] the unauthorized practice of law occurs when one not admitted to practice law renders legal services for another person. *Ohio State Bar Assn. v. Heath*, 123 Ohio St.3d 483, 486, 918 N.E.2d 145, 149 (2009), *citing* GOV.BAR R. VII(2)(A). For this purpose, the rendering of legal services includes, as occurred here, "the drafting and preparation of pleadings filed in the courts . . . and includes the preparation of legal documents and instruments upon which legal rights are secured or advanced." *Id.*

A bankruptcy petition preparer found to be in violation of § 110 is subject to sanctions which may include the disgorgement of fees, the assessment of damages, the entry of injunctive relief, and the imposition of fines. 11 U.S.C. § 110(h)(3)/(i)/(j)/(l).[3] For these types of sanctions, the Motion of the UST named disgorgement and the imposition of fines as the two forms of relief sought. (Doc. No. 26, at pg. 3).

---

[2] *In re Landry*, 250 B.R. 441, 444 (Bankr. M.D. Fla. 2000).

[3] A 'bankruptcy petition preparer' may also be subject to criminal penalties. 18 U.S.C. § 156.

Page 7

In re: Jackie Amstutz
Case No. 09-36068

Paragraph (3)(A) of § 110(h) governs matters concerning the disgorgement of the fees charged by a bankruptcy petition preparer. In relevant part, § 110(h)(3)(A) provides:

> (3)(A) The court shall disallow and order the immediate turnover to the bankruptcy trustee any fee referred to in paragraph (2) found to be in excess of the value of any services–
>
> > (i) rendered by the bankruptcy petition preparer during the 12-month period immediately preceding the date of the filing of the petition; or
> >
> > (ii) found to be in violation of any rule or guideline promulgated or prescribed under paragraph (1).
>
> (B) All fees charged by a bankruptcy petition preparer may be forfeited in any case in which the bankruptcy petition preparer fails to comply with this subsection or subsection (b), (c), (d), (e), (f), or (g).

The structure of this provision is twofold.

Firstly, § 110(h)(3)(A) directs that all fees found to be excessive must be disgorged. Having, therefore, already found all but $125.00 of the $455.00 in fees charged by Mr. Proby to be excessive, § 110(h)(3)(A) mandates that such fees disgorged. In addition, § 110(h)(3)(B) also allows for the forfeiture of all fees, even those not found to be excessive, when a bankruptcy petition preparer fails to follow certain statutory obligations. While such a remedy is permissive under § 110(h)(3)(B), it is appropriate in this case.

Under § 110(h)(3)(B), this Court has the discretion to order a forfeiture of fees when, among other things, a bankruptcy petition preparer offers legal advice as proscribed by § 110(e). As explained, Mr. Proby violated § 110(e) by rendering legal advice to the Debtor on matters concerning both exemptions and secured debts, and what Chapter of the Code would best serve the needs of the

Page 8

In re: Jackie Amstutz
Case No. 09-36068

Debtor. Mr. Proby then went even further by drafting and preparing for the Debtor's benefit a document to be filed with the Court. The Debtor also incurred an additional expense by subsequently having to hire legal counsel. Hence, given the scope of Mr. Proby's unauthorized practice of law, the total forfeiture of fees is the only appropriate remedy.

For his violations of § 110, the UST also asks that this Court impose fines against Mr. Proby. The assessment of fines, governed by § 110(l), is intended to deter future misconduct. However, unlike the disgorgement of excessive fees, which is mandatory under § 110, the imposition of fines against a bankruptcy petition preparer is discretionary. *In re Evans*, 413 B.R. 315, 330, (Bankr. E.D.Va. 2009).

In exercising this discretion, the Court, at this time, declines to impose fines against Mr. Proby. The reason: the Court found Mr. Proby to be sincere when he testified that, having learned from his mistakes, he would abide by the requirements of this Court and those requirements imposed upon him by § 110. Accordingly, since they are meant to deter future misconduct, the imposition of fines against Mr. Proby seems at this point to be unnecessary. Notwithstanding, if this Court's assessment of Mr. Proby ultimately proves to be wrong, the subject of fines, as well as the imposition of further sanctions, will be revisited.

In conclusion, Mr. Proby shall be required to disgorge all his fees. Such fees, totaling $455.00, shall be forfeited to the UST who shall then turn the funds over to the Debtor. In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Page 9

In re: Jackie Amstutz
Case No. 09-36068

Accordingly, it is

**ORDERED** that, as provided herein, the Motion of the United States Trustee to Review Fees, to Impose Fines and to Assess Damages against Bankruptcy Petition Preparer, Charles Proby, be, and is hereby, GRANTED.

**IT IS FURTHER ORDERED** that on or before Monday, February 8, 2010, Mr. Proby shall turnover to the United States Trustee the sum of $455.00. The United States Trustee shall then remit those funds to the Debtor, Jackie Amstutz. The United States Trustee shall file with the Court a statement concerning whether Mr. Proby complied with this Order.

Dated: January 15, 2010

_____
Richard L. Speer
United States
Bankruptcy Judge

Page 10

09-36068-rls    Doc 48    FILED 01/15/10    ENTERED 01/15/10 15:45:07    Page 10 of 11

# CERTIFICATE OF SERVICE

Copies were mailed this 15th day of January, 2010 to:

Jackie Amstutz
PO Box 7035
Lafayette, OH 45854

Nancy S Schramski
PO Box 1404
Lima, OH 45802-1404

Charles Edward Proby, Jr.
2934 Cletus Pkwy
Lima, OH 45805-2909

William L Swope
221 South Main St
Findlay, OH 45840-3336

Dean Wyman
201 Superior Aveneue, Suite 441
Cleveland, Oh 44114-1240

                                                                                         /s/Diana Hernandez
                                                                                         Deputy Clerk, U.S. Bankruptcy Court